## James Crosby, *Treasurer,* vs. Joseph Snow & al.

A licensed common victualler has a right to sell spirituous liquors in small quantities for the use of such as call for them, in his place of business, to a limited extent, but not to drunkenness or excess.

The board for granting licenses in a town, or city, under the provisions of the *stat.* 1834, *c.* 141, "for the regulation of innholders, retailers, and common victuallers," have no authority by their rules and regulations to impose restraints upon the persons licensed in addition to those imposed by the statute; and a bond given to enforce such restraints is void.

At the trial before Shepley J. it appeared that the action was debt on two bonds from the defendants to the city of *Bangor.* The condition of one bond recited, that the defendants, *Snow & Burr,* had been licensed in the city of *Bangor* as retailers, and that of the other, that they had been licensed as common victuallers. The conditions of the bonds required, that the laws should not be violated, and that they should act in conformity to "such rules and regulations in reference thereto as may be prescribed by the board granting this license." The licensing board of the city, acting, as they alleged, under the *stat.* of 1834, *c.* 141, ordered, " 1. No person who shall be licensed as a retailer of wine, brandy, rum or other strong liquors, shall suffer any person to drink any

spirituous liquors in his shop, store, or place of business. 2. No person, who shall be licensed as a common victualler, shall sell or furnish any person with wine, brandy, rum or other strong liquors, or suffer the same to be drank in his cellar, shop, store or place of business." It was admitted, that *Snow* and *Burr* were duly licensed in the city as retailers and as common victuallers, and also that they sold liquors and permitted them to be drank in their place of business. All objection was waived to the bringing of the action in the name of the treasurer. A nonsuit was ordered by consent, subject to be set aside, if in the opinion of the Court the action could be maintained.

*W. Paine,* City Solicitor, for the plaintiff, contended, 1. That the bond was good at common law. There was a sufficient consideration, and besides the defendants are estopped to deny it. They voluntarily made the bond, taken to preserve good morals, and not to destroy them. 2. The bond conforms to the principles of the *stat.* 1834, *c.* 141. The board are limited to licensing such as they think proper, but they have power to impose such reasonable restrictions as they please. *Lunt's case,* 6 *Greenl.* 412.

*Rogers,* for the respondents.

Independent of the statute, there is no restraint on the business, and all have equal rights. This bond, being given in restraint of these rights, is void at common law. Unless the towns have authority to alter the law by their own regulations, the acts of the respondents were legal. *State* v. *Burr.* 1 *Fairf.* 438. The legislature have determined what a person duly licensed may, or may not, do, and the towns have only to determine who shall have licenses. They have no power to add to or take from the law. The legitimate argument is the reverse of that urged for the plaintiff, where the legislature have imposed some restraints; not that the towns may add as many more as they choose, but that no others can be imposed, but by the legislature.

The opinion of the Court was at a subsequent term delivered, as drawn up by

WESTON C. J. — The case finds, that *Snow* and *Burr,* for whose delinquency this action is prosecuted, were duly licensed as common victuallers. It has been decided, that a common victualler

Crosby *v.* Snow.

has a right to sell spirituous liquors in small quantities, for the use of such as call for them, in their house, cellar or place of business, to a limited extent, but not to drunkenness or excess. *State* v. *Burr,* 1 *Fairf.* 438.

It is admitted, that *Snow* and *Burr* sold strong liquors, and permitted them to be drunk in their place of business. As no excess is found or stated, this must be understood to be to a limited extent. And this is so far from being a violation of the law, that it was done in the exercise of legal rights, which had been settled and recognized. It is true, the board of Aldermen had been pleased to prescribe, that this privilege should no longer be enjoyed, and when they granted the license, by which the defendants claim to be protected, they required that the bonds now in suit should be given, to secure the inhibition.

However laudable may have been the motives, by which the board were actuated, we cannot but regard it as an attempt to change the law, which transcended their authority. Whatever rules and regulations of the board granting the license, in reference to the business, provided for in the statute form of the bond, it may have been competent for them to establish, we are satisfied, that power is not given to them to take away the immunities, the license legally confers. It cannot be consistent with the policy of the law, to enforce contracts, the object of which is, to deprive a class of citizens of privileges, which the law has conferred upon them, when licensed in pursuance of its requirements. Still less can this be permitted under color of official authority.

*Nonsuit confirmed.*